**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700    973/645-2700
Newark, NJ 07102

July 6, 2010

David G. Liston, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004

      Re: <u>Plea Agreement with Alpine Aerospace Corporation</u>

Dear Mr. Liston:

10-727(WHW)

      This letter sets forth the plea agreement between your client, Alpine Aerospace Corporation ("Alpine"), and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Alpine to a one-count information which charges that Alpine made a false, fictitious, and fraudulent statement in a matter within the executive, legislative, or judicial branch of the United States government, in violation of 18 U.S.C. § 1001. If Alpine enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Alpine for the export of the following items on the following dates: (1) a Hawk Missile Flywheel on or about July 1, 2005; (2) a Hawk Missile Latch and Release on or about November 4, 2005; (3) a Spider Differential on or about January 7, 2006; and a (4) a Hawk loader link on or about March 15, 2006, and January 31, 2007. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Alpine agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Alpine may be commenced against it, notwithstanding the expiration of the limitations period after Alpine signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 1001 to which Alpine agrees to plead guilty carries a statutory maximum fine equal to the greatest of: (1) $250,000;(2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Alpine is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Alpine ultimately will receive.

Further, in addition to imposing any other penalty on Alpine, the sentencing judge: (1) will order Alpine to pay an assessment of $400 pursuant to 18 U.S.C. § 3013(a)(2)(B), which assessment must be paid by the date of sentencing; (2) may order Alpine to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq. And U.S.S.G. § 8B1.1; (3) may order Alpine, pursuant to 18 U.S.C. § 3555, to give notice to any victims of its offense; and may impose a term of probation of at least one year, but not more than five years, under Title 18, United States Code, Section 3561(c).

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Alpine by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Alpine's activities and relevant conduct with respect to this case.

Stipulations

This Office and Alpine agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Alpine from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Alpine waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Alpine. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue

Service, or any third party from initiating or prosecuting any civil proceeding against Alpine.

No Other Promises

This agreement constitutes the plea agreement between Alpine and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

>Very truly yours,
>
>PAUL J. FISHMAN
>United States Attorney
>
>*[signature]*
>
>By: Andrew Kogan
>Assistant U.S. Attorney

APPROVED:

*[signature]*

Unit Chief, Criminal Division

I have received this letter from my attorney, David G. Liston, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, and waivers. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. In my capacity as President of Alpine, I am authorized to state, and do so state, that Alpine wants to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 9/10/2010
Taehoon Kim, President
Alpine Aerospace Corporation


I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, and waivers. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.


_____          Date:
David Liston, Esq.

- 5 -

I have received this letter from my attorney, David G. Liston, Esq.  I have read this letter.  My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, and waivers.  I understand the letter fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  In my capacity as President of Alpine, I am authorized to state, and do so state, that Alpine wants to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____            Date:
Taehoon Kim, President
Alpine Aerospace Corporation



I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, and waivers.  My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

*[signature: David Liston]*
_____            Date: 7/23/10
David Liston, Esq.

<u>Plea Agreement With Alpine</u>

<u>Schedule A</u>

**Initial Provisions**

  1. This Office and Alpine recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Alpine nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Alpine within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Alpine further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

  2. The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case. The applicable guideline is U.S.S.G. § 8A1.1. The parties agree that the Court should determine what, if any, sentence requirements should be imposed under U.S.S.G. § 8A1.2(a), including restitution, remedial orders, community service, and notice to victims.

  3. The parties agree that Alpine did not operate primarily for a criminal purpose or primarily by criminal means. <u>See</u> U.S.S.G. § 8A1.2(b)(1), 8C1.1.

  4. The parties further agree that an abbreviated determination of the Guideline fine range is not warranted. <u>See</u> U.S.S.G. § 8A1.2(b)(2)(A).

**Calculation of the Offense Level - U.S.S.G. § 8C2.3**

  5. Pursuant to U.S.S.G. § 8A1.2, the applicable Guideline is U.S.S.G. § 2B1.1. This Guideline carries a base Offense Level of 6.

**Calculation of the Base Fine - U.S.S.G. § 8C2.4**

  6. Under U.S.S.G. § 8C2.4(d), the parties agree that the base fine is $5,000.

**Calculation of Culpability Score - U.S.S.G. § 8C2.5**

  7. Under U.S.S.G. § 8C2.5, the parties agree that Alpine's total culpability score is 5.

### Minimum and Maximum Multipliers - U.S.S.G. § 8C2.6

8. Based upon the agreed total culpability score of 5, the parties agree that the minimum multiplier is 1.00 and the maximum multiplier level is 2.00.

### Application of the Guideline fine Range - U.S.S.G. § 8C2.7

9. Under U.S.S.G. § 8C2.7(a) & (b), the parties agree that the minimum Guideline fine range is $5,000, and the maximum Guideline fine range is $10,000.

### Other Provisions

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

11. Alpine knows that it has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 6. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 6. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.